UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MUTUAL FIRST, LLC,

    Plaintiff,

v.                       Case No: 2:14-cv-494-FtM-29DNF

CHARLES WADE TULLOS,

    Defendant.

**ORDER**

This matter comes before the Court on review of the Original Complaint (Doc. #1) filed on August 25, 2014.[1] Subject-matter jurisdiction is premised on the presence of diversity of jurisdiction between the parties. (Id., ¶ 3.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). Plaintiff seeks $200,000 in damages, and therefore the Court is satisfied as to the amount in controversy.

Plaintiff alleges that it is a "Texas Limited Liability corporation". (Doc. #1, ¶ 1.) Plaintiff does not identify the

---

[1] If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case. Fed. R. Civ. P. 12(h)(3).

members or the citizenship of the individual members of the limited liability company, and a limited liability company is a citizen of any state of which a member is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020 (11th Cir. 2004). Therefore, the Court cannot determine the citizenship of plaintiff, or that diversity of jurisdiction is present.

Plaintiff alleges that defendant is an individual "whose principal place of business" is in Englewood, Florida, and that venue is proper in the district because defendant "resides" here. (Doc. #1, ¶¶ 2, 4.) It is unclear whether defendant is actually individual or actually a corporation, but in any event the allegations as to citizenship are inadequate.

To the extent that Charles Wade Tullos is sued individually, "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). To the extent that defendant may be incorporated, a corporation is a citizen of both the state of its incorporation and the state where it has its principal place of

business.  28 U.S.C. § 1332(c)(1).  The principal place of business is determined by the "nerve center" test.  <u>Hertz Corp. v. Friend</u>, 559 U.S. 77 (2010).

Plaintiff will be provided an opportunity to state the presence of federal jurisdiction pursuant to 28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

The Original Complaint (Doc. #1) is dismissed for lack of subject-matter jurisdiction without prejudice to filing an Amended Complaint within **SEVEN (7) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of August, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

3